UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01049-WLH-AS | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Ronald Rigoberto Ceron v. Kristi Noem et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None | None |

Proceedings:     **(IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

The Court is in receipt of Petitioner's *Ex Parte* Application for Temporary Restraining Order (the "Application"). (Application, Dkt. No. 2). Petitioner is a national and citizen of El Salvador who left El Salvador due to violence and limited resources. (Petition, Dkt. No. 1). Petitioner then entered the United States without admission or parole on or about June 2012. (*Id*. at 3). In June of 2022, Petitioner was convicted of a felony. (*Id*.). Petitioner did not violate the terms of his probation and does not have any pending criminal charges in the United States. (*Id*.). On March 19, 2025, Petitioner was detained by ICE officers at his place of work and alleges that he has been in detention for nearly a year. (*Id*.). Approximately six months into his detention, Petitioner was granted a bond hearing, but alleges that the hearing did not satisfy constitutional requirements. (*Id*. at 5).

On March 5, 2026, Petitioner brought forth the instant Motion to request that the Court grant immediate release, an alternative to detention, a bond hearing, a bond of no more than $5,000 and an order barring respondent from re-arresting or re-detaining him without notice and hearing. (*See generally* Application). On March 6, 2026, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

ordered Respondents to file their Opposition and to ensure that Petitioner remains within the Central District of California, pending resolution of this Application. ("Order re Ex Parte Application for TRO," Dkt. No. 7). Respondents timely filed their Opposition. (Opp'n., Dkt. No. 11).

A party seeking emergency injunctive relief bears a heavy burden, which is heightened when the requested relief is mandatory, that is, when it requires affirmative action, as opposed to prohibitory, which preserves the status quo. *See Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) ("The district court did not err in concluding that Coach Stanley was seeking a mandatory injunction, and that her request was subject to a higher degree of scrutiny because such relief is particularly disfavored under the law of this circuit."). The Ninth Circuit has concluded that mandatory injunctions are "particularly disfavored" and are not granted "unless the facts and law clearly favor the moving party." *Id*. Accordingly, the courts require a movant seeking an affirmative injunction, which alters the status quo, to meet a heightened standard and demonstrate that the law and facts "clearly favor" the requested relief. *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015) (noting that mandatory injunctions are subject to heightened scrutiny and should not issue in "doubtful cases").

Here, Petitioner has failed to meet this heighted burden. Petitioner alleges only that "the [bond hearing] did not satisfy constitutional requirements." (Pet. at 16). But Petitioner fails to cite any authority to support this proposition that the hearing was constitutionally insufficient. Nor has he demonstrated any specific facts that clearly favor a finding that he is likely to succeed in such a showing. Accordingly, Petitioner has failed to meet the heightened standard to support a finding that emergency relief is warranted.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

The Court therefore **DENIES** the Application.

**IT IS SO ORDERED.**